### UNITED STATES v. YOUNGER.

(District Court, D. Washington, N. D.    March 6, 1899.)

SEAMEN—PENALTY FOR DETAINING CLOTHING—PROCEEDING TO ENFORCE.
   A criminal information will not lie for the violation of 28 Stat. 667, c. 97, which exempts the clothing of a seaman from attachment, and provides that any person who shall detain such clothing when demanded by the owner shall be liable to a penalty, as a penalty imposed by an act of congress is a debt, to be recovered by a civil action, and for which, in a state where imprisonment for debt has been abolished, imprisonment by a federal court is prohibited by Rev. St. § 990.

This is an application for a bench warrant on an information filed by the district attorney of the United States.

Wilson R. Gay, U. S. Atty.

HANFORD, District Judge. In this case the United States attorney has filed an information charging that the defendant did unlawfully detain the clothing of a seaman, contrary to the statute of the United States in such case made and provided, and has moved the court, ore tenus, to order a bench warrant to issue for the arrest of the defendant. The information is founded upon 28 Stat. 667, c. 97, which provides:

"That the clothing of any seaman shall be exempt from attachment, and that any person who shall detain such clothing when demanded by the owner shall be liable to a penalty of not exceeding one hundred dollars."

And it is proposed to prosecute the case for the recovery of the penalty in the manner and by the forms of procedure appropriate in criminal cases, and the purpose of this motion for process is to subject the defendant to imprisonment, or compel her to give bail for her appearance while the case shall be pending. The statute, however, does not declare the act of the defendant to be a crime, nor authorize procedure of a criminal nature for the purpose of recovering the penalty. Blackstone, after saying, in effect, that, on the principle of an implied original contract to submit to the rules of the community whereof we are members, a forfeiture imposed by law or an amercement immediately creates a debt, in the eye of the law, and such forfeiture or amercement, if unpaid, works an injury to the party or parties intended to receive it, for which the remedy is by an action of debt, then proceeds as follows:

"The same reason may with equal justice be applied to all penal statutes; that is, such acts of parliament whereby a forfeiture is inflicted for transgressing the provisions therein enacted. The party offending is here bound, by the fundamental contract of society, to obey the direction of the legislature, and pay the forfeiture incurred to such persons as the law requires." 3 Wend. Bl. Comm. 161.

Mr. Justice Thompson, in the case of Stearns v. U. S., Fed. Cas. No. 13,341, says:

"Actions for penalties are civil actions, both in form and in substance, according to 3 Bl. Comm. 158. The action is founded upon that implied contract which every person enters into with the state, to observe its laws."

The supreme court has held that a civil action is the proper method of proceeding to recover penalties imposed by acts of congress. Stockwell v. U. S., 13 Wall. 531–553; Chaffee v. U. S., 18 Wall. 516–546. For other authorities, see 5 Enc. Pl. & Prac. p. 907.

Section 990, Rev. St., provides that:

"No person shall be imprisoned for debt in any state, on process issuing from a court of the United States, where by the laws of such state, imprisonment for debt has been or shall be abolished."

The constitution and laws of this state have abolished imprisonment for debt within this state, and as the authorities, including the decisions of the supreme court of the United States, hold that a penalty, when incurred by the transgression of a statute, becomes immediately a debt, therefore cases in which the government proceeds for penalties come within two positive rules, one of which prescribes a civil action as the proper remedy, and the other forbids use of the harsh method of imprisonment. For these reasons the request of the United States attorney for a bench warrant must be denied.